WILLIAM STRONG *against* ABRAHAM HOYT.

Trover brought by an officer to recover for the conversion of property attached by him on mesne process against the surety of the defendant, who joined with him in executing an accountable receipt for the property, will not lie if the property is not demanded on the execution within 30 days after final judgment, if it has been delivered by the surety to the lawful owner, the principal in the accountable receipt.

TROVER, and rule in arrest.

The plaintiff, in his capacity of constable of the town of *Hartford*, brought his action of trover for two barrels of cider containing 64 gallons, and one hogshead of *West India* rum, containing 100 gallons, which in the usual form he alleged that he possessed and lost, and which were converted by the defendant on the first day of *September*, 1800.

It was shown in evidence, on trial of the general issue, to the Jury, That the plaintiff, as constable, had attached the chattels as the property of *John Starr*, at the suit of *Hume & Hastings*, on the 25th of *January*, 1797. That he made due return of the writ, *February* 11th, 1797, in which he returned that he

had attached this property. That on the 26th of <span style="float:right">Strong<br>v.<br>Hoyt.</span> *March*, the defendant, with *John Starr*, executed to him a receipt by which they acknowledged to have received the property, and promised to redeliver it when demanded. That at the Supreme Court, *August* term, 1800, final judgment was rendered for *Hume & Hastings* against *John Starr* for 203 dols. 9 cts. damages, with costs, and execution issued the 30th of *August*. That the writ of execution was delivered to *Stephen Conant*, a deputy of the sheriff of *Windsor* County, to serve and return. That on the 17th of *September*, 1800, *Conant* demanded the property attached of the plaintiff, and not receiving it, and *John Starr* having fled from his bailiwick, he returned the execution *non est*.

That the plaintiff *Strong* demanded the redelivery of the property by the defendant on the 2d of *March*, 1801, who had some time before delivered it to *John Starr*.

The plaintiff had a verdict for 148 dols. 79 cts. damages and costs.

And now the defendant moved for a rule upon the plaintiff to show cause why the verdict should not be set aside, and the judgment arrested, because the verdict was contrary to law.

Rule granted.

The question under the rule was, that as the action was not brought upon the receipt, and all the property *Strong* had in the goods was special, as an officer holding them in the custody of the law by the attachment, and one of the receiptors being the lawful owner, whether the plaintiff, as an officer, could have any lien upon, and consequently any right to recover damages for the withholding this property, he not

Strong
v.
Hoyt.

having demanded it within thirty days after the rendering final judgment in the suit upon which the property was attached?

*Curia.* The Court observed, that if the action had been brought upon a receipt solely executed by a person who had no interest in the property attached, the plaintiff, as the attaching officer, could have maintained an action upon it at any time within the limitation act, as he was accountable to produce such property on the levy of the execution for the benefit of the plaintiff at whose suit it was attached; and even if such plaintiff failed in his suit, as attaching officer, he could recover the property for the purpose of restoring it to the lawful owner; but when property is attached and receipted by the defendant, and goes into the possession of him who owns it, though another should sign the receipt with him as surety, the officer taking the receipt loses his lien on the property attached and receipted, after the expiration of thirty days from the rendering the final judgment, to respond which the property was attached.

That in trover the case is much stronger for the defendant; for here the whole right of action will rest on the special property acquired by the plaintiff in his official capacity, from attaching it by process in law, without a shadow of an express promise in the defendant to redeliver it. That the duration of this special property is circumscribed by the statute—

*Vermont* Stat. vol. 1. c. vi. p. 67. s. 33.

"That when the goods or chattels of any person shall be taken on mesne process, the same shall be holden thirty days from the time final judgment shall be rendered in said suit; and unless the plaintiff in said suit shall, within the term of thirty days from

the time of rendering such judgment as aforesaid, take said property in execution, the same shall be discharged from said process, and be no further liable to answer said judgment, than though the same had not been attached."

That it being in evidence that the defendant *Hoyt* had no interest in the property attached, but merely acted as surety for *John Starr*, the rightful owner, and no demand having been made upon the defendant while he was responsible, to redeliver it, he is justified by the law in suffering it to go into the possession of *John Starr*, and not accountable to the present plaintiff.

Rule made absolute.

Judgment for the defendant.

*Baylies*, for plaintiff.
*Buck*, for defendant.